89 F.3d 841
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Joann SMITH, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 95-3741.
 United States Court of Appeals, Eighth Circuit.
 Submitted April 12, 1996.
Submitted April 12, 1996.
Filed May 10, 1996.
 
 Before MAGILL and LOKEN, Circuit Judges, and GOLDBERG,* Judge.
 PER CURIAM.
 
 
 1
 In July 1991, Joann Smith applied for Social Security Supplemental Security Income benefits, claiming that she had been disabled since May 1989 by arthritis, diabetes, headaches, fibrosis, anxiety, depression, and hypertension. Following an administrative hearing, the Commissioner's administrative law judge concluded that Smith has a severe combination of impairments but does not have a listed impairment, that she is unable to perform her past relevant work as nurse's aide and hospital housekeeper, that her complaints of disabling pain are not credible, and that she is not disabled because she has the residual functional capacity to perform the full range of sedentary work as defined in 20 C.F.R. § 416.967.
 
 
 2
 The Commissioner's Appeals Council denied Smith's request for administrative review, ruling that an additional March 1994 medical report submitted by Smith was not relevant to the ALJ's decision that she was not disabled prior to February 25, 1994. Smith then sought judicial review of the Commissioner's denial of her SSI application. The district court[1] granted summary judgment in favor of the Commissioner, concluding in a thorough Memorandum and Order that substantial evidence in the administrative record supports the Commissioner's decision. Smith appeals, arguing that substantial evidence does not support the Commissioner's decision because Smith's nonexertional impairments were improperly discounted in applying the Commissioner's Medical-Vocational Guidelines. After careful review of the record, we affirm for the reasons stated by the district court. See 8th Cir. Rule 47B.
 
 
 
 *
 The HONORABLE RICHARD W. GOLDBERG, Judge, United States Court of International Trade, sitting by designation
 
 
 [1]
 The HONORABLE HENRY L. JONES, JR., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for decision on the merits by consent of the parties pursuant to 28 U.S.C. § 636(c)